MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 404
Spokane, WA 99201
Telephone: 509.850.7011
Facsimile: 509.703.7957
Email: matt@crottyandson.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON MCMINIMEE, | NO. 18-3073 |
| Plaintiff, | COMPLAINT AND DEMAND FOR TRIAL BY JURY |
| v. | |
| YAKIMA SCHOOL DISTRICT NO. 7, and JOHN R. IRION, in his individual capacity, | |
| Defendants. | |

Shannon McMinimee, by and through her attorneys, alleges:

## I.    PARTIES AND JURISDICTION

1.    Defendant, YAKIMA SCHOOL DISTRICT NO. 7 ("YSD" or the "District") is a first-class school district organized under the laws of the State of

COMPLAINT AND DEMAND FOR JURY TRIAL- 1

Washington and a quasi-municipal government agency located in Yakima County, Washington.

2.  Defendant, JOHN R. IRION, ("Mr. Irion") resides in Yakima, Washington and was the District's Superintendent at all times relevant to this lawsuit.

3.  Plaintiff, SHANNON MCMINIMEE ("Ms. McMinimee") is a resident of Outlook, Washington, works in Yakima, Washington, for YSD and worked under the direct supervision of Mr. Irion at all times relevant to this lawsuit.

4.  All acts complained of occurred within the Eastern District of Washington.

5.  The Federal Court for the Eastern District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this complaint pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 2617(a)(2), and 28 U.S.C. § 1367(a).

6.  Venue is proper in the Eastern District of Washington under 28 U.S.C. § 1391(b) because the acts and omissions complained herein occurred in the District and Defendant conducts business and/or resides there.

7.  Ms. McMinimee is not required to exhaust administrative remedies or comply with pre-filing notice of tort claim requirements regarding the Family Medical Leave Act (FMLA) and RCW 49.52.050 Wage Rebate Act (WRA) claims

COMPLAINT AND DEMAND FOR JURY TRIAL- 2

she asserts in this lawsuit. On April 26, 2018, Ms. McMinimee served the defendants with an RCW 4.96, et. seq. notice of tort claim (dated April 25, 2018) and will move to amend her complaint to allege additional facts and claims once the sixty-day post-service timeframe elapses.

## II.   INTRADISTRICT ASSIGNMENT

8.     This action arose in Yakima County, Washington. Therefore, Ms. McMinimee respectfully requests that the case be assigned to the Yakima Division of the Eastern District of Washington.

## III.   FACTS

9.     Plaintiff re-alleges the above paragraphs.

10.    On or about March 13, 2017 the YSD hired Ms. McMinimee as its Associate Superintendent for Human Resources.

11.    Between March 13, 2017 and November 6, 2017, Ms. McMinimee opposed illegal activities that Mr. Irion either directed or sanctioned.

12.    The illegal activities that Ms. McMinimee opposed included, without limitation, (a) Defendants' unequal treatment of male and female employees, (b) Defendants' failure to address gender discrimination against Ms. McMinimee and other female employees of YSD, (c) Defendants' discrimination against employees based on their failure to conform to certain gender stereotypes, (d) Defendants' violation of RCW 41.56.140's prohibition on direct dealing, (e) Defendants' desire

COMPLAINT AND DEMAND FOR JURY
TRIAL- 3

to issue teaching contracts to those who did not hold effective teaching certificates in violation of RCW 28A.405.210, (f) Defendants' failure to comply with federal laws regarding the Defendants' treatment of disabled employees, (g) Defendants' failures to comply with federal laws regarding the Defendants' treatment of disabled students, and (h) Defendants' failures to comply with Title IX with respect to responding to student allegations of sexual harassment and sexual violence.

13. On November 6, 2017, Defendants placed Ms. McMinimee on paid administrative leave.

14. Defendants' involuntary placement of Ms. McMinimee on administrative leave (and subsequent attempts to fire her) was in retaliation for Ms. McMinimee's good faith reasonable belief that she was opposing the above-referenced illegal activity.

15. Defendants' involuntary placement of Ms. McMinimee on paid administrative leave caused Ms. McMinimee to experience serious health problems which, in turn, caused her to use her rights under the Family Medical Leave Act ("FMLA").

16. On March 15, 2018, Ms. McMinimee's then-attorney (Sarah Evans) informed YSD's attorney (Michael Rorick) that Ms. McMinimee needed medical workplace leave and, as part of that notification, transmitted (to Mr. Rorick) a physician's note dated March 14, 2018.

COMPLAINT AND DEMAND FOR JURY TRIAL- 4

17. As of March 15, 2018, Defendants knew or had reason to know that Ms. McMinimee's medical leave might be for FMLA reasons. 29 C.F.R. § 825.300(b)(1).

18. Federal regulations required that Defendants inform Ms. McMinimee as to whether she was eligible for FMLA within five business days of March 15, 2018, which, in this instance, was March 22, 2018. *Id.* Federal regulations refer to such a notification as a "FMLA Eligibility Notice." *See id.*

19. Defendants did not give Ms. McMinimee an FMLA Eligibility Notice within five business days of March 15, 2018. <u>This was the first time the District violated the FMLA.</u>

20. On March 26, 2018, Ms. McMinimee: (a) sent an email to the YSD employees who handle leave and FMLA issues, Monette Dennis and Gina Tookes, (b) informed Ms. Tookes and Ms. Davis that she intended to take leave under the FMLA, (c) informed Ms. Tookes and Ms. Davis that she was eligible for leave under the FMLA, and (d) informed Ms. Tookes and Ms. Davis of the serious health condition giving rise to her FMLA request.

21. Ms. McMinimee's March 26, 2018, email further stated:

> I am asking that you please confirm what work calendar date (using the work calendar applicable to the Management Team/Superintendent's Group) you project will be my last day of having accrued leave available and then what work calendar date you project that I will exhaust FMLA.

COMPLAINT AND DEMAND FOR JURY TRIAL- 5

22. Federal regulations required that YSD give Ms. McMinimee an FMLA Eligibility Notice within five business days of March 26, 2018, which, in this instance, was April 2, 2018. 29 C.F.R. §825.300(b)(1).

23. Defendants did not give Ms. McMinimee an FMLA Eligibility Notice by April 2, 2018, i.e. within five business days of March 26, 2018. <u>This was the second time the District violated the FMLA</u>.

24. On April 3, 2018, YSD employee Kelli York (Ms. McMinimee's direct subordinate and not an individual who typically handles FMLA issues) informed Ms. McMinimee that (a) McMinimee was eligible for FMLA (b) Ms. McMinimee had been designated a "key employee" under the FMLA, and (c) that Ms. McMinimee had "<u>seven days</u>" to complete and return, to YSD, the District's FMLA medical certification form. Ms. York's April 3, 2018, email contained a nine page .pdf attachment labeled "MCMINIMEE 180403.pdf" that included a boilerplate single page document titled "FAMILY AND MEDICAL LEAVE", a single page document titled "APPLICATION FOR FMLA LEAVE", a four page "Certification of Health Care Provider for Employee's Serious Health Condition," and a three page "Assistant Superintendent for Human Resources" job description.

25. The District's April 3, 2018, email to Ms. McMinimee violated the FMLA because 29 C.F.R. § 825.305(b) gives Ms. McMinimee at least 15 calendar days (as opposed to "<u>seven days</u>") to complete and return the FMLA serious health

COMPLAINT AND DEMAND FOR JURY TRIAL- 6

condition certification form. <u>This was the third time the District violated the FMLA</u>.

26. Federal regulation also required that the Defendants provide Ms. McMinimee a written FMLA "Rights and Responsibilities" notice at the same time it gave Ms. McMinimee her FMLA Eligibility Notice. 29 C.F.R. § 825.300(c)(1).

27. The FMLA Rights and Responsibilities Notice must, *inter alia,* (a) inform the employee whether "the leave may be designated and counted against the employee's annual FMLA leave entitlement if qualifying" (b) inform the employee of "[t]he employee's right to substitute paid leave, whether the employer will require the substitution of paid leave, the conditions related to any substitution, and the employee's entitlement to take unpaid FMLA leave if the employee does not meet the conditions for paid leave," and (c) inform the employee as to "arrangements for making [premium payments to maintain health benefits]." 29 C.F.R. § 825.300(c)(i)(iii)&(iv).

28. The Defendants' April 3, 2018, email and attachment violated the FMLA by failing to inform Ms. McMinimee of the above-referenced FMLA rights. <u>This was the fourth, fifth, and sixth time the Defendants violated the FMLA.</u>

29. On April 4, 2018, Ms. McMinimee informed YSD that it had violated the FMLA for the above-referenced reasons and that those FMLA violations created illegal barriers that prevented Ms. McMinimee from exercising her FMLA rights.

COMPLAINT AND DEMAND FOR JURY TRIAL- 7

30.  Ms. McMinimee's April 4, 2018 email also informed YSD that its withholding of certain contractually allowed wages violated Washington's WPA. *See infra.*

31.  On April 16, 2018, the YSD received Ms. McMinimee's completed "Certification of Health Care Provider for Employee's Serious Health Condition" form.

32.  On April 17, 2018, the YSD received Ms. McMinimee's semi-completed "APPLICATION FOR FMLA LEAVE" form. The form was "semi-completed" because YSD had not informed Ms. McMinimee if she would be required or allowed to access her accrued leave, what forms of her accrued leave would be available for her to use, and when that leave would be exhausted, which in turn, rendered her unable to ascertain the begin and end dates of her FMLA leave.

33.  On April 17, 2018, Ms. McMinimee further informed YSD that:

> I am unable to calculate when I will exhaust my accrued leave and thus begin accessing FMLA leave consistent with the District's requirement. I have asked multiple time that the District to please confirm what work calendar date (using the work calendar applicable to the Management Team/Superintendent's Group) will be my last day of having accrued leave available if March 26, 2018 is recorded as my first use of leave and then what work calendar date the District projects that I will exhaust FMLA if I am required to take the full twelve weeks of FMLA leave available to me, but those requests have gone unanswered. That is perplexing, as I have watched this same information be provided to other employees and do not understand why I am being treated differently than other employees.

COMPLAINT AND DEMAND FOR JURY TRIAL- 8

34. Federal regulations required that YSD give Ms. McMinimee an FMLA Designation Notice within five business days of April 16, 2018, which, in this instance, was April 23, 2018. 29 C.F.R. §825.300(d)(1).

35. Federal regulations further required that the FMLA Designation Notice "notify the employee of the amount of leave counted against the employee's FMLA leave entitlement [and] [i]f the amount of leave needed is known at the time the employer designates the leave as FMLA-qualifying, the employer must notify the employee of the number of hours, days, or weeks that will be counted against the employee's FMLA leave entitlement in the designation notice." 29 C.F.R. § 825.300(d)(6).

36. On April 17, 2018, YSD informed Ms. McMinimee of her sick leave, vacation, and personal leave balances that existed as of March 27, 2018, but YSD did not, as required by the FMLA, tell Ms. McMinimee as to whether the sick leave, vacation leave, and personal leave balances would be counted against Ms. McMinimee's 12-week FMLA entitlement. <u>This is the District's seventh violation of the FMLA</u>.

37. As of the date of this complaint the District has yet to tell Ms. McMinimee as to when her FMLA will begin and when it will end. This, in turn, has caused (and continues to cause) Ms. McMinimee uncertainty as to when the

COMPLAINT AND DEMAND FOR JURY TRIAL- 9

leave will begin and end which, in turn, has caused Ms. McMinimee damages in an amount to be proven at trial.

## IV.  CAUSES OF ACTION

### (CAUSE OF ACTION NO. 1 & 2 – VIOLATION OF 29 U.S.C. § 2615(A)(1)-(2) – FAMILY MEDICAL LEAVE ACT – INTERFERENCE & DISCRIMINATION)

38.  Plaintiff re-alleges the above paragraphs.

39.  In order to prosecute a <u>FMLA interference claim</u> the employee must show that she (1) was eligible for the FMLA's protections, (2) the employer was covered by the FMLA, (3) the employee was entitled to leave under the FMLA, (4) the employee provided sufficient notice of her intent to take leave, and (5) the employer denied her FMLA benefits to which she was entitled.

40.  Ms. McMinimee worked for YSD for over 1,250 hours before the start of her FMLA leave.

41.  The YSD employed Ms. McMinimee 12 months before the beginning of her FMLA leave.

42.  Ms. McMinimee was entitled to leave under the FMLA given her serious health condition as shown by, *inter alia,* the "Certification of Health Care Provider for Employee's Serious Health Condition" (and accompanying physician letter) that Ms. McMinimee gave Defendants on or about April 17, 2018.

COMPLAINT AND DEMAND FOR JURY TRIAL- 10

43. Ms. McMinimee provided the YSD notice of her intent to take FMLA leave on March 15, 2018 and March 26, 2018.

44. Defendants interfered with Ms. McMinimee's FMLA rights by violating the FMLA on at least seven separate occasions as set forth above. Defendants have further interfered with Ms. McMinimee's FMLA rights by failing to inform her as to when her FMLA leave will begin and when it will end.

45. Defendants' failure to follow the FMLA has required Ms. McMinimee to resort to filing this lawsuit so as to have the Court exercise its equitable powers, as allowed under 29 C.F.R. § 325.300(e), to compel Defendants to inform Ms. McMinimee as to when her FMLA leave will begin and end.

46. Defendants' failure to follow the FMLA's notice provisions has caused her uncertainty as to whether or not she is on FMLA which, in turn, has cost Ms. McMinimee between $600 - $700/day in use of her own accrued leave.

47. Defendants have further interfered with Ms. McMinimee's FMLA rights by, without any basis, designating Ms. McMinimee as a "key employee" even though YSD has no basis to conclude that, as of March 2018, the YSD would suffer "substantial and grievous economic injury" if required to restore Ms. McMinimee to her job upon the conclusion of her FMLA leave. As such, Ms. McMinimee seeks a declaration that she is not a "key employee" for the purposes of the FMLA.

COMPLAINT AND DEMAND FOR JURY TRIAL- 11

48. Ms. McMinimee also seeks a declaration from the Court that YSD violated the FMLA for the seven reasons listed in the statement of facts section of this complaint.

49. Ms. McMinimee further seeks a declaration that she be allowed to access and utilize her own leave to the same extent the YSD allows its other employees to do the same under the FMLA.

50. In order to prosecute a <u>FMLA discrimination claim</u> the employee must show (1) she availed herself of a protected right under the FMLA; (2) she suffered an adverse employment decision; and (3) there is a causal connection between the two actions.

51. Regarding point (1), Ms. McMinimee availed herself to her right to request FMLA leave on March 15, 2018 and March 26, 2018.

52. Regarding point (2), Defendants subjected Ms. McMinimee to the following adverse employment decisions (a) by (on April 12, 2018) threatening Ms. McMinimee with a *Loudermill* termination hearing (which was scheduled for April 17, 2018) even though (as of April 3, 2018) the Defendants acknowledged that Ms. McMinimee was FMLA eligible and (b) by (on March 28, 2018) depriving Ms. McMinimee of the below-referenced contractually mandated pay increases (more on that below) while allowing Ms. McMinimee's similarly-situated co-workers to receive those benefits on March 30, 2018.

COMPLAINT AND DEMAND FOR JURY TRIAL- 12

53. Defendants' acts have caused Plaintiff damages in an amount to be proven at trial.

**(CAUSE OF ACTION NO. 3 – VIOLATION OF WASHINGTON'S WAGE REBATE ACT –RCW 49.52.050)**

54. An employee prosecuting a RCW 49.52.050(2) Wage Rebate Act (WRA) claim must show that (a) the employer (or employer's agent) (b) willfully and intentionally deprived the employee of (c) "any part of his or her wages" and/or paid the "employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract."

55. On March 13, 2017, Ms. McMinimee and Mr. Irion (on behalf of the YSD) entered into a Letter of Intent for her hiring as the Associate Superintendent for Human Resources.

56. Several days after Ms. McMinimee's hiring, Mr. Irion contacted Ms. McMinimee by telephone and told her that he did not want to upset Associate Superintendent Scott Izutsu for "political reasons" and it would be better if Ms. McMinimee were called "Assistant Superintendent for Human Resources."

57. Ms. McMinimee believed that this "Associate-to-Assistant" job title change was a change that was being made only for appearance sake and would have no other impact on her compensation. Indeed, Ms. McMinimee was never asked to

COMPLAINT AND DEMAND FOR JURY TRIAL- 13

sign a revised Letter of Intent reflecting that this would be a contractual change, nor was she ever issued a contract that identified her as an Assistant Superintendent.

58.     Ms. McMinimee was a member of the YSD "Superintendent Group" meaning, for the purpose of this claim, that she was entitled to retroactive pay increases for the portion of the 2016-2017 work year that she was employed by the YSD and all of the 2017-2018 work year to date.

59.     The "Superintendent Group" includes, Ms. McMinimee, Deputy Superintendent Cecelia Mahre, Associate Superintendent Scott Izutsu, and Assistant Superintendent Alicia Jacob.

60.     Mr. Irion advised Ms. McMinimee at her hiring that he was planning to seek a retroactive pay raise for the Superintendent's Group for the 2016-2017 school year, as well as a pay raise for the Superintendent's Group for the 2017-2018 school year.

61.     On June 30, 2017, Mr. Irion made a request that the School Board approve the retroactive pay raise for the Superintendent's Group for the 2016-2017 school year, as well as a pay raise for the Superintendent's Group for the 2017-2018 school year.

62.     During the months of July, August, and September 2017, Mr. Irion advised Ms. McMinimee individually and the Superintendent's Group collectively that the retroactive pay raise for the Superintendent's Group for the 2016-2017

COMPLAINT AND DEMAND FOR JURY TRIAL- 14

school year, as well as a pay raise for the Superintendent's Group for the 2017-2018 school year, would be forthcoming but would be delayed until later in the school year because of certain appearance concerns voiced by the School Board. Mr. Irion also shared that the members of the Superintendents Group would get their individual employment contracts for the year when the raises were approved.

63. On March 28, 2018, YSD employee Jennifer Baird (Mr. Irion's Executive Assistant) informed the YSD's agent, Michael Rorick:

> From: Baird, Jennifer
> Sent: Wednesday, March 28, 2018 11:04 AM
> To: Michael Rorick'
> Subject: S.M. pay info
>
> Mike,
>
> Please find attached pay information for Shannon McMinimee. The other superintendents will have their raises and retro pay on the March 30 check. Shannon's is being held. Thank you.
>
> *Jennifer L. Baird*
> Administrative Assistant to the Superintendent
> Central Services Building Principal
> Yakima School District – Central Services
> 104 N. Fourth Avenue
> Yakima, WA 98902
> Phone 509.573.7001
> Fax 509.573.7181

64. The "Shannon" referenced in the March 28, 2018, email refers to Shannon McMinimee.

65. On April 4, 2018, Ms. McMinimee informed YSD employees Kelli York and Monette Dennis:

> To the extent the District withholds (or has already withheld) payment of the retroactive pay increases to me, the District is wrongfully withholding wages in violation of Washington law, incurring civil liability for my attorney's fees and costs, as well as double damages. The District is also risking individual criminal and civil liability for Dr.

COMPLAINT AND DEMAND FOR JURY TRIAL- 15

Irion, the members of the School Board, and any other employee who has participated in a decision to intentionally withhold wages from [me]. *See* RCW 49.52.050 and RCW 49.52.070. Please consider the District on notice with respect to this issue should the retroactive pay increases be unlawfully withheld from me.

66. No employee or agent of the Defendants substantively responded to the above-referenced allegation in Ms. McMinimee's April 4, 2018, email.

67. Although on notice that its failure to pay Ms. McMinimee her contractually allowed pay increase, YSD did not provide Ms. McMinimee her pay increase yet paid the other members of the Superintendent's Group their retroactive pay increases.

68. The Defendants' acts and omissions have caused Plaintiff to be damaged in an amount to be proven at trial.

69. Given Defendants' willful and intentional withholding of Ms. McMinimee's wages Ms. McMinimee is entitled to double damages, attorneys' fees, and prejudgment interest.

## V.    PRAYER FOR RELIEF

Plaintiff respectfully prays for:

A. Compensation for all injury and damages suffered by Ms. McMinimee including, but not limited to, both economic and non-economic damages, in the amount to be proven at trial including back pay, front pay, pre and post judgment interest, lost benefits of employment, adverse tax consequences of any award for

COMPLAINT AND DEMAND FOR JURY TRIAL- 16

economic damages, liquidated damages, and general damages relating to emotional distress and mental anguish damages as provided by law.

B. Plaintiff's reasonable attorneys, expert fees, and costs, pursuant to 29 U.S.C. § 2617(a)(3), RCW 49.52.070, and as otherwise provided by law as well as the *private attorney general* theory of recovery of reasonable attorney fees and costs in employment related cases.

C. For the Court to use its equitable powers to declare that Defendants' actions have violated the FMLA and WRA and, to the extent necessary, order the Defendants to comply with the FMLA.

D. For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 10th day of May 2018.

*/s Matthew Crotty*
MATTHEW Z. CROTTY, WSBA 39284
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 404
Spokane, WA 99201
Telephone: 509.850.7011

Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL- 17