HON. THOMAS O. RICE

Jerry J. Moberg and James E. Baker
Jerry Moberg & Associates, P.S.
P.O. Box 130 – 124 3rd Avenue S.W.
Ephrata, WA 98823
jmoberg@jmlawps.com
jbaker@jmlawps.com
Phone: (509) 754-2356
Attorneys for Defendant Dr. Irion

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON MCMINIMEE,<br><br>                  Plaintiff,<br> v.<br><br>YAKIMA SCHOOL DISTRICT NO. 7, and JOHN R. IRION, in his individual capacity,<br><br>                  Defendants. | NO. 1:18-CV-03073-TOR<br><br>**DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER RULE 12(b)(6) AND MEMO IN SUPPORT OF MOTION**<br><br>**HEARING DATE: August 5, 2019**<br><br>**Without Oral Argument** |

## I.    INTRODUCTION

Defendant John R. Irion, Ed.D. (Dr. Irion), the Superintendent of Defendant Yakima School District (the District), was sued in his individual capacity. Plaintiff's second amended complaint is 55-pages and includes 207 paragraphs not counting the prayer for relief.  Plaintiff asserts claims for (1) interference under the Family Medical Leave Act (FMLA), (2) discrimination (retaliation) under the FMLA, (3) violation of the state's Wage Rebate Act, RCW 49.52.050, (4)

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 1 of 41

*Jerry Moberg & Associates, P.S.*
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

retaliation under the federal Equal Pay Act (EPA), (5) violation of the EPA, (6) retaliation under the Washington Law Against Discrimination, RCW 49.60.210, (7) violation of Plaintiff's First Amendment rights, (8) violation of Plaintiff's procedural due process rights, (9) wrongful discharge in violation of public policy, (10) violation of the state Public Records Act (PRA), (11) defamation, (12) intentional infliction of emotional distress and (13) breach of contract.

Plaintiff alleges seven technical violations of FMLA. Plaintiff did not allege that she was denied her FMLA leave and compensation. Plaintiff alleges that she was terminated from employment at some unspecified date after she became "despondent" about how the District was handling her concerns. Plaintiff's 2017-2018 contract expired by its terms on June 30, 2018.

## II.    STATEMENT OF FACTS

On March 13, 2017, the District hired Plaintiff as its Associate Superintendent for Human Resources. (ECF 11 ¶ 10.) A few days after Plaintiff was hired her title was changed to Assistant Superintendent of Human Resources and Scott Izutsu remained as Associate Superintendent of Human Resources. (*Id.* ¶ 122.) Plaintiff's pro-rated salary for the 2016-17 school year was $127,658 while Mr. Izutu's salary was $130,286. (*Id.* ¶ 145.) Plaintiff and Mr. Izutsu performed substantially similar work. (*Id.* ¶ 147.) On Oct. 30, 2017, Plaintiff met with Dr. Irion and was told she was being investigated. (*Id.* ¶ 43.) On Nov. 6, 2017, the

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 2 of 41

*Jerry Moberg & Associates, P.S.*
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

District placed Plaintiff on paid administrative leave. (*Id.* ¶ 45.) Plaintiff's "involuntary placement . . . on paid leave caused [her] to experience serious health problems which . . . forced her to use her rights under FMLA." (*Id.* ¶ 53.) On Feb. 27, 2018, Plaintiff advised the District that it was violating its Operating Procedure 1430, which is titled "Audience Participation." (*Id.* ¶ 42.) On March 15, 2018, Plaintiff provided a physician's note stating she needed medical workplace leave. (*Id.* ¶ 57.) On April 3, 2018, the District advised Plaintiff that she was eligible for FMLA, she was designated as a "key employee" and she had seven days to return the District's medical certification form. (*Id.* ¶ 65.) On April 4, 2018, Plaintiff told the District that "it had violated FMLA" and that "its withholding of certain contractually allowed wages violated Washington's WPA *[sic]*." (*Id.* ¶¶ 70, 72.) On April 12, 2018, the District provided Plaintiff with a "Loudermill" notice to appear at a hearing the following Tuesday (i.e., April 17, 2018); this was the first time she learned she was possibly going to be terminated. (*Id.* ¶¶ 73, 74.) On April 17, 2018, Plaintiff provided the District with her "semi-completed" application for FMLA leave. (*Id.* ¶ 78.) On April 17, 2018, the District informed Plaintiff of her sick leave, vacation leave and personal leave balances that existed as of March 27, 2018 but failed to tell her whether these balances would be counted against her 12-week FMLA entitlement. (*Id.* ¶ 82.) On April 17, 2018, the District informed Plaintiff that she would be on approved leave until July 25, 2018 and the District

*Jerry Moberg & Associates, P.S.*
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

would continue to provide health insurance through October 2018. (*Id.* ¶ 84.)   On April 25, 2018, the District advised Plaintiff that it intended to reschedule her "Loudermill" hearing and proposed certain dates.  (*Id.* ¶ 170.)  On April 25 and 26, 2018, Plaintiff advised that the two proposed dates "would not work because of [her] previously scheduled medical appointments" but she was available on May 22 or 25, 2018.  (*Id.* ¶ 171.)  On June 8, 2018, the District advised Plaintiff that it was "suspending all outstanding response deadlines and postponing our production of responsive [Public Records Act -- PRA] records."  (*Id.* ¶ 86.)  The District asked Plaintiff to prioritize her RPA requests and on June 8, 2018 advised Plaintiff it would produce documents she identified as her to priority last and she would not receive them sooner than Oct. 31, 2018.  (*Id.* ¶ 87.)  On June 22, 2018, the District advised Plaintiff that she would "not be offered future employment with the District after her year-long contract expires on June 30th, 2018." (*Id.* ¶ 173.)

Between March 13, 2017 [Plaintiff's date of hire] and November 6, 2017 [the date Plaintiff was placed on paid administrative leave], Plaintiff "opposed illegal activities that Mr. Irion either directed or sanctioned."  (*Id.* ¶ 11.)  The District's alleged illegal activities – (a) through (i) – are set forth at ¶ 12 of Plaintiff's amended complaint.  Plaintiff's alleged oppositional activities -- (a) through (f) -- are set forth at ¶ 13 of her amended complaint.  She raised concerns about Dr. Irion's (a) different treatment of employees and members of the community based

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 4 of 41

*Jerry Moberg & Associates, P.S.*
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

upon religious affiliation and (b) failure to respond to the "the critical understaffing" of the HR Department. (*Id.*) She raised concerns about the District's (c) failure to exercise reasonable care in supervising students, (d) violations of the Open Public Meetings Act and the Public Records Act, (e) violations of the Family Educational Records Privacy Act and (f) failure to enforce School Board Operational Procedures. (*Id.*)

The District allegedly violated the FMLA regulations in seven ways: (1) not being informed whether she was eligible for FMLA within five days after she provided a physician's note on March 15, 2018 as required by **29 C.F.R. § 825.300(b)(1),** (2) not being advised within five business days when the last day of her leave would expire as required by **29 C.F.R. § 825.300(b)(1),** (3) being told that she needed to return the District's medical certification form within seven days when she actually had 15 days to return it under **29 C.F.R. § 825.305(b),** together with (4) not being advised whether her leave may be designated and counted against her annual FMLA leave, (5) not being informed of her right to substitute leave and the conditions related to any substitute leave, (6) not being informed as to arrangements for making health insurance premiums in violation of **29 C.F.R. § 825.300(c)(i)(iii) and (iv),** together with (7) not being told how her sick leave, vacation leave and personal leave balances would be counted against her 12-week

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 5 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✥124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

FMLA entitlement as required under **29 C.F.R. § 825.300(d)(1),(6).** (*Id.* ¶¶ 59-69, 80, 82.) Plaintiff did not allege she was denied FMLA leave.

### III.    FAMILY AND MEDICAL LEAVE ACT (FMLA)

The FMLA, set forth at 29 U.S.C. §§ 2601-2654, entitles eligible employees of covered employers to take up to 12 weeks of unpaid leave in any 12 month period due to "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The Act defines a "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves: (A) inpatient care at a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

### IV.    APPLICABLE COURT RULE

Fed.R.Civ.P. 12(b)(6) provides that a defendant may assert by motion the defense that there is a "failure to state a claim upon which relief can be granted."

### V.    STANDARD OF REVIEW

To avoid dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcoft v. Iqbal,* 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculation level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint should be dismissed "when the

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 6 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

complaint either (1) lacks a cognizable legal theory fails or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang v. Kerry,* 710 F.3d 995, 999 (9th Cir. 2013). A complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Twombly,* 550 U.S. at 555. "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* The court will "not accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003), *aff'd sub nom.* 543 U.S. 1050 (2015).

## VI.    ARGUMENT

### A.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER THE FMLA FOR INTERFERENCE OR RETALIATION.

Plaintiff alleges that on April 17, 2018 she provided the District with a "semi-completed" application for FMLA leave. (ECF 11 ¶ 78.) Plaintiff stated that on April 17, 2018, the District informed her that she would be on approved leave until July 25, 2018 and the District would continue to provide health insurance through

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

October 2018. (*Id.* ¶ 84.) Plaintiff did not allege that she was denied her allowable 12 weeks of FMLA.

> The FMLA recognizes two separate claims for violation of its provisions: 1) interference claims in which employers burden or outright deny substantive statutory rights to which an employee is entitled under 29 U.S.C. Section 2615(a)(1); and 2) retaliation claims in which employers discharge employees for exercising their FMLA right to leave under 29 U.S.C. Section 2615(a)(2).

*Gutierrez v. Grant Cnty.,* 2011 WL 1654548, *1 (E.D. Wash. 2011), *citing Bacheider v. Am. West Airlines, Inc.,* 259 F.3d 1112, 1124 (9th Cir. 2001).

Here, Plaintiff alleges interference and retaliation claims under the FMLA. To prove an **interference claim,** a plaintiff must show that (1) she was eligible for FMLA protections, (2) her employer was covered by the FMLA, (3) she was entitled to leave under the FMLA, (4) she provided sufficient notice of her intent to take leave, and (5) her employer denied her FMLA benefits to which she was entitled. *Escriba v. Foster Poultry Farms, Inc.,* 743 F.3d 1236, 1243 (9th Cir. 2014). To prove a **retaliation claim,** a plaintiff must show that (1) she took FMLA-protected leave, (2) she suffered adverse employment actions, and (3) the adverse actions were causally related to her FMLA leave. *Bacheider,* 259 F.3d at 1124-25. "[M]ore than a temporal proximity between protected activity and termination is required to present a genuine issue of fact for trial." *Carter v. Fred Meyer Jewelers, Inc.,* 2018 WL 7253607, *3 (D. Ore. 2018), *quoting Jones v. Nevada,* 2016 WL 4707987, *3 (D. Nev. 2016).

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

*Interference Claim* -- Plaintiff cannot show interference with her FMLA rights because she was provided the FMLA benefits to which she was entitled. The FMLA "provides no relief unless the employee has been prejudiced by the violation. The employer is liable only for compensation and benefits lost by reason of the violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). *See also Cooper v. T-Mobile USA, Inc.*, 2008 WL 5112115, *1 (9th Cir. 2008) ("even if she managed to show a technical [FMLA] violation, [plaintiff] would not be entitled to relief because she cannot show she suffered any detriment").

Plaintiff was an attorney and the Assistant Superintendent of Human Resources. It was her job to know FMLA law. "[The District's] failure to notify [Plaintiff] in writing what she already knew . . . did not cost [Plaintiff] any rights protected by FMLA." *Turner v. Adidas Promotional Retail Ops., Inc.*, 2009 WL 901487, *8 (N.D. Ill. 2009). *See also Hill v. Steven Motors, Inc.*, 228 F.Supp.2d 1247, 1256 (D. Kan. 2002) (plaintiff already knew FMLA requirements; she failed to demonstrate any misinformation from defendant resulting in actual impairment of her FMLA rights), *aff'd* 2004 WL 958097 (10th Cir. 2004).

Plaintiff's complaint also fails to set forth facts to plausibly infer she had a "serious health condition." FMLA applies if the employee's own "serious health condition . . . makes the employee unable to perform the functions" of her job. 29 U.S.C. § 2612(a)(1)(D). The term "serious health condition" means an impairment

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 9 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

or condition involving "(A) inpatient care at a hospital, hospice, or residential care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).    Plaintiff's complaint simply alleged that being placed on paid administrative leave "caused [her] to experience serious health problems . . . ." (ECF 11 ¶ 53.) Plaintiff did not provide details of her serious health condition. Plaintiff simply alleged that her serious health condition was shown by a certification (and accompanying physician letter) that she gave to the District on April 17, 2018. (*Id.* ¶ 108.)  Plaintiff's notice of intent to take FMLA leave was given in March 2018 before she provided a probable basis for the District to believe that she had a serious health condition.  (*Id.* ¶ 109.)

The requirements for a condition that involves "continuing treatment by a health care provider" are set forth in the regulations.  29 C.F.R. § 825.114.  The rules require either (1) a period of incapacity of at least three consecutive days, and (2) treatment two or more times by a health care provider -- 29 C.F.R. § 825.114(a)(2)(i) -- or (1) a "chronic serious health condition" (2) that results in a period of incapacity. 29 C.F.R. § 825.114(a)(2)(iii).  The rules define "incapacity" as "inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom."  29 C.F.R. § 825.114(a)(2)(i). "Treatment includes (but is not limited to) examinations to determine if a serious health condition exists and evaluations of the condition" but

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

does not include "routine physical examinations." 29 C.F.R. § 825.114(b). When an employee requests FMLA leave, the employer may require that the request be accompanied by a certification from a health care provider. 29 U.S.C. § 2613(a). That certification must state (1) the date on which the serious health condition began, (2) the probable duration of that condition, and (3) the medical facts regarding the condition. 29 U.S.C. § 2613(b)(1)-(3). When leave is requested because of a serious health condition that makes the employee unable to perform the functions of the employee's position – 29 U.S.C. § 2612(a)(1)(D) – the health care provider's certification must provide a statement of such. 29 U.S.C. 2613(a)(b)(4)(B). FMLA is properly denied if a serious health condition is not demonstrated. *See, e.g., Marchisheck v. San Mateo Cnty.,* 199 F.3d 1068, 1076-77 (9th Cir. 1999) (plaintiff's son's condition did not constitute a serious health condition under FMLA), *cert. denied* 530 U.S. 1214 (2000).

Plaintiff's complaint does not identify what "serious health condition" she contends caused her the need to take leave or demonstrate that she had a "serious health condition" under FMLA and the relevant administrative rules. "To state a claim for relief under FMLA, the complaint must allege that the medical visits occurred during the period in which the individual was incapacitated." *Lacayo v. Donahoe,* 2015 WL 3866070, *8 (N.D. Cal. 2015), *citing King v. Permanente Med. Grp.,* 2013 WL 5305907, *6 (E.D. Cal. 2013) (collecting cases). Plaintiff does not

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 11 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

allege sufficient facts to make out a claim that she was under "continuing treatment." Under these circumstances, Plaintiff has failed to state a claim upon which relief can be granted and her FMLA claim must be dismissed. *See King, supra,* dismissing plaintiff's FMLA complaint under Rule 12(b)(6).

*Retaliation Claim* – The facts set forth in Plaintiff's complaint do not plausibly suggest that Dr. Irion willfully terminated Plaintiff's employment due to exercising FMLA leave. To establish a retaliation claim, a plaintiff must prove that defendants "intentionally discriminated against [her] in the form of an adverse employment action for having exercised an FMLA right." *Jones v. Gulf Coast Health Care of Delaware, LLC,* 854 F.3d 1261, 1270 (11th Cir. 2007). Plaintiff must allege a retaliatory motive by the employer. *Hodgens v General Dynamics Corp.,* 144 F.3d 151, 159-60 (1st Cir. 2007). Plaintiff was required to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v Iqbal,* 556 U.S. 662, 678 (2009). An employer acts "willfully" when he or she "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988).

In *Kinchen v. St. John's University,* 2019 WL 1386743 (E.D. N.Y. 2019), the district court dismissed plaintiff's FMLA retaliation claim because "Plaintiff's allegations are conclusory and, based on these allegations, Plaintiff fails to state a

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 12 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

claim for FMLA retaliation." *Id.* at *12. The district court added: "Plaintiff does not plausibly allege that her termination occurred under circumstances giving rise to an inference of retaliatory intent." *Id.* at *14. *See also Ngomba v. Olee,* 2019 WL 1119588, *4 (D. Mass. 2019) (plaintiff "gives no facts, beyond the timing of is discharge, which would suggest the defendants took his FMLA requests into account in deciding to discharge him"); *Carrero-Ojeda v. Autoridad de Energia Electrica,* 755 F.3d 711, 719-20 (1st Cir. 2014) (finding a claim could not be pushed across the plausibility threshold when it lacked a connection between the taking of FMLA leave and termination and noting that calling one's discharge retaliatory is a conclusory statement that must be set aside); *Dudhi v. Temple Health Oaks Lung Ctr.,* 2019 WL 426145, *8 (E.D. Pa. 2019) ("Duhdi fails to allege a proper causal connection between the adverse action and her invocation of FMLA leave. . . . "[N]aked assertions are insufficient to support a causal connection between her leave and her termination.").

Moreover, Plaintiff took FMLA leave about April 17, 2018 and was advised of her non-renewal on June 22, 2018 – a period of more than two months.  This time period is too attenuated to establish that her non-renewal was a result of her FMLA leave. *See, e.g. Cunningham v Consol. Edison, Inc.,* 2006 WL 842914, *15 (E.D. N.Y. 2006) ("a passage of two months between the protected activity and the adverse employment actin seems to be the dividing line") (collecting cases).

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**B.      PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER THE STATE WAGE REBATE ACT (WRA).**

Plaintiff alleged that about June 15, 2018 – about one month after she filed her original complaint -- the District paid $3,228.12 for "retro pay for April 2017-May 2018" but the payment failed to include "double damages, interest, or attorneys' fees" under the WRA.   (ECF 11 ¶¶ 134, 135.) The WRA may apply to "[a]ny employer or officer, vice principal or agent of any employee . . . ."  RCW 49.52.050. Plaintiff admitted that Dr. Irion had to go to the school board to obtain approval of retroactive pay.  (*Id.* ¶ 127.) To state a claim for individual liability under the WRA a plaintiff must show that the individual "exercised control over the direct payment of the funds and acted pursuant to that authority." *Ellerman v Centerpoint Prepress, Inc.,* 143 Wn.2d 514, 521, 22 P.3d 795 (2001).  "[H]olding any person who manages the daily operations of a business liable under the statute, even if they do not have the individual authority to pay the actual wages, does not . . . further the intent of the Legislature."  *Id.* at 522.  Plaintiff's complaint set forth insufficient facts to permit the Court to infer that Dr. Irion had control over the direct payment of Plaintiff's retroactive pay.

**C.      PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RETALIATION UNDER THE FEDERAL EQUAL PAY ACT (EPA) BECAUSE SHE DID NOT COMMUNICATE THE SUBSTANCE OF AN EPA VIOLATION.**

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

The Equal Pay Act (EPA) of the Fair Labor Standards Act (FLSA) is to ensure that employees doing equal work are paid equal wages by employers regardless of sex. 29 U.S.C. § 206(d). Citing *Arias v. Raimondo,* 860 F.3d 1185 (9th Cir. 2017), this Court held that an individual could be personally liable for violation of the FLSA. *Blackman v. Omak Sch. Dist.,* No. 2:18-CV-0338-TOR. (ECF 15 at 13-14.) The district court stated: "In *Arias,* the Ninth Circuit declined to use the 'economic control' or 'economic realities' tests to determine liability for retaliation under the FLSA." (ECF 15 at 13.)

Plaintiff's complaint does not allege that she was retaliated against for complaining about equal pay violations other than "by opposing the Jack Factors . . . ." (ECF 11 ¶ 139.) Plaintiff stated that "good faith opposition to . . . pay policy [is] commonly referred to as the 'Jack Factors.'" (*Id.* ¶ 14.) Dr. Irion has not found any federal or state court opinion that uses the term "Jack Factors."

"In order for [an employee's] complaints to be protected under the FLSA, the complaints must specifically concern FLSA violations and must be directly communicated to the employer." *Hardwick v. Complete Skycap Servs., Inc.,* 2007 WL 2050867, *1 (9th Cir. 2007). "[N]ot all amorphous expressions of discontent related to wages and hours constitutes complaints filed within the meaning of § 215(a)(3)." *Lambert v. Ackerly,* 180 F.3d 997, 1007-08 (9th Cir. 1999) (en banc).

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

In *Kasten v. Saint-Gobain Performance Plastics Corp.,* 563 U.S. 1 (2011), the issue before the Court was whether an oral complaint of a violation of the FLSA is protected conduct under the Act's anti-retaliation provision. 563 U.S. at 7. Citing 29 U.S.C. § 215(a)(3), the Court noted: "The Act protects employees who have 'filed any complaint.'" The Court held that the anti-retaliation provision of the FLSA protects oral as well as written complaints of a violation of the Act. *Id.* at 14. But an employee's simply "letting off steam" does not constitute protected activity. *Id.* Therefore, "some degree of formality" is required for an employee complaint to constitute protected activity, "certainly to the point where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand that matter as part of its business concerns." *Id.* Stated differently, "to fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employee to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id.*

A complaint that "fails to allege that [plaintiff] actually complained of Equal Pay Act Violations" does not state a claim for EPA retaliation. *Burch v. Bellagio Hotel and Casino,* 2014 WL 6884049, *3 (D. Nev. 2014) (plaintiff "has not properly alleged that she communicated the substance of an Equal Pay Act violation"). "A plaintiff may base an EPA retaliation claim on adverse action taken

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**after an employee makes a good faith internal complaint of an EPA violation,** even if no EPA violation actually occurred." *Zhu v. Fed. Housing Fin. Bd.,* 389 F.Supp.2d 1253, 1289-90 (D. Kan. 2005). (Emphasis added.)

Plaintiff's complaint does not set forth sufficient facts to plausibly suggest that she actually communicated to the District the substance of an EPA violation.

**D.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE FEDERAL EPA BECAUSE DIFFERENCES IN PAY WAS NOT "ON THE BASIS OF SEX."**

Plaintiff alleges a violation of the EPA because as an Assistant Superintendent she was paid less than Mr. Izutsu, who was an Associate Superintendent.  (ECF 11 ¶¶ 145, 146.)  An EPA claim must plausibly suggest that pay discrepancies were made "on the basis of sex."  29 U.S.C. § 206(d)(1). The fact that a man received more than a woman does not plausibly state a claim.  As the district court stated in *McDay v. Lake Pend Orielle Sch. Dist. # 84,* 2016 WL 1259384, *3 (D. Idaho 2016):

> McDay's complaint does not state a plausible claim under EPA. He alleges the District paid him "a much lower rate than his co-workers in the same capacity to perform the same duties." Even so, **that McDay's co-workers received a higher pay for performing the same duties does not establish that the District paid different wages to employees of the opposite sex for equal work.** Accordingly, the Court will dismiss McDay's claim under the EPA.

(Emphasis added.)  *See also Rivera v. East Bay Munic. Util. Dist.,* 2015 WL 6954988, *9 (N.D. Cal. 2015) (plaintiff's EPA claim was dismissed because he did

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 17 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3ʳᵈ Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

not allege facts to the effect that "men and women are paid differently for substantially equal work").

The only specific allegations against Dr. Irion are (a) he told Plaintiff "he would be changing her job title from Associate Superintendent to Assistant Superintendent for 'political reasons' associated with not offending Mr. Izutsu" and (b) by making this statement Dr. Irion "hid from [Plaintiff] that he was relegating her to a lower pay scale." (ECF 11 ¶ 150.) Dr. Irion's Rule 12(b)(6) motion should be granted for the same reason such a motion was granted in *Morgan v. Freightliner of Ariz., LLC,* 2017 WL 2423491 (D. Ariz. 2017), where the district court stated that "the Complaint does not allege any individual Defendant that may have acted directly or indirectly such that the imposition of liability would be appropriate. *Id.* at \*12. *See also Banawis-Olila v. World Courier Ground, Inc.* 2016 WL 4070133, \*3 (N.D. Cal. 2016) (EPA claim dismissed for lack of "sufficient, factual allegations comparing the 'skill effort, and responsibility' required for the two positions"); *West v. Spencer,* 2018 WL 1757138, \*3 (W.D. Wash. 2018) (EPA claim dismissed "because she has not plausibly alleged that she received less than a similarly situated employee of the opposite sex."), *aff'd* 2018 WL 5819379 (9th Cir. 2018), *cert. denied* __ S.Ct. __, 2019 WL 659992 (2019); *Abdullah-El v Bon Appetit Management Co.,* 2016 WL 1756630, \*5 (W.D. Wash. 2016) (plaintiff's allegation that defendant paid less to

*Jerry Moberg & Associates, P.S.*
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

one sex to the opposite sex to perform substantially the same work "is conclusory and not entitled to the presumption of truth" and "fails to allege facts from which the court can infer an EPA violation").

### E.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER THE STATE EQUAL PAY ACT (EPA).

The state Equal Pay Act (EPA), RCW 49.58.020(1), provides: "**Any employer** in this state who discriminates in any way in providing compensation based on gender between similarly situated employees of **the employer** is guilty of a misdemeanor." (Emphasis added.)  RCW 49.58.070(1) provides that that "an employee may bring a civil action against **an employer**[.]" (Emphasis added.) RCW 49.58.010(5) defines "employer" as "any person, firm, corporation, partnership, business trust, legal representative or other business entity which engages in any business . . . and **employs one or more employees** . . . ." (Emphasis added.)  Plaintiff's employer was the District – not Dr. Irion.  The definition of "employer" in the state EPA is substantially different than the definition in the federal EPA, which defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."  29 U.S.C. § 203(d). Additionally, Plaintiff's complaint lacks facts to plausibly suggest she was paid less than Mr. Izutsu "based on gender."

### F.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR RETALIATION UNDER THE WLAD.

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

Plaintiff contends that Defendants violated the Washington Law Against Discrimination (WLAD), RCW 49.60.210, by placing her on administrative leave and then terminating her employment for opposing race, gender, religious discrimination, disability discrimination and age discrimination. (ECF 11 ¶¶ 152-155.) Plaintiff's complaint alleges that she "opposed" the discrimination "as set out in the above-referenced paragraphs of this complaint." (*Id.* ¶ 153.) "To show retaliation based on protected activity, a plaintiff must provide evidence that the individuals [s]he alleges retaliated against [her] knew of [her] protected activity." *Marin v. King Cnty.,* 194 Wn.App. 795, 818, 378 P.3d 203 (2016), *rev. denied* 186 Wn.2d 1028, 385 P.3d 124 (2016). Plaintiff failed to allege sufficient facts to plausibly show that Dr. Irion knew or should have known that her complaints were directed at conduct prohibited by WLAD. A state court such as a court in Washington looks to Title VII when interpreting WLAD. *Kumar v. Gate Gourmet, Inc.,* 180 Wn.2d 481, 325 P.3d 193, 197-98 (2014). A plaintiff must "produce evidence to reasonably infer that a supervisor either knew or suspected that an employee had taken protected action and that there was a causal connection between this knowledge or suspicion and the adverse employment action." *Emani v. Seattle Sch. Dist.,* 2019 WL 931652, *4 (Wn.App. 2019), *citing Hernandez v. Spacelabs Med. Inc.,* 343 F.3d 1107, 1110-14 (9th Cir. 2003). "Because retaliation is an intentional act, an employer cannot retaliate against an employee for an action

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖ 124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

of which the employer is unaware." *Cornwell v. Microsoft Corp.,* 192 Wn.2d 403, 414, 430 P.3d 229 (2018) (adopting the Ninth Circuit's "knew or suspected" test set forth in *Hernandez*), *citing Marin v. King Cnty.,* 194 Wn.App. 795, 818, 378 P.3d 203 (2016), *rev. denied* 186 Wn.2d 1028, 385 P.3d 124 (2016). "General complaints" are too remote to put the employer on notice of a claim of unlawful discrimination do not constitute protected activity. *Pool v. VanRheen,* 297 F.3d 899, 910 (9th Cir. 2002). Mere complaints about work and vague or ambiguous protests do not constitute protected activity within the meaning of Title VII if a reasonable employer would not understand those communications to be opposition to discriminatory conduct. *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.,* 136 F.3d 276, 292 (2d Cir. 1998). The words and actions of the employee must reveal a clear and unambiguous attempt to oppose conduct that she believes violates Title VII. *Miller v. Edward Jones & Co.,* 355 F.Supp.2d 629, 643 (D. Conn. 2005) (stating that "complaints that are vague and ambiguous . . . do not constitute protected activity").

Plaintiff did not plausibly allege that the individuals who placed her on administrative leave and non-renewed her contract knew or suspected that Plaintiff had engaged in protected activity. Therefore, her claim fails as in *O'Brien v. Koskinen,* 2017 WL 1314225, *9 (Wn.App. 2017), *rev. denied* 189 Wn.2d 1010, 402 P.3d 828 (2017).

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖ 124 3rd Ave S.W.
Ephrata, WA 98823
(509) 754-2356 / Fax (509) 754-4202

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## G.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR FIRST AMENDMENT RETALIATION.

Plaintiff's First Amendment retaliation claim fails because she spoke as a public employee – not as a private citizen.  Plaintiff asserted that she engaged in protected speech which was a matter of public concern "regarding the events of sexual assault / harassment students were facing within YSD, the YSD's inadequate compliance with Title IX, and matters of compliance with federal laws associated with serving students with disabilities."  (ECF 11 ¶ 160.)  To state a claim, Plaintiff must prove that she spoke on a matter of public concern, spoke as a private citizen and her protected speech was a substantial motivating factor in the adverse employment action.  *Clairmont v. Sound Mental Health,* 632 F.3d 1091, 1103 (9th Cir. 2011).  Plaintiff's alleged protected speech was about things within her job responsibilities.  A public employee's speech made at work is not protected by the First Amendment when the speech "is made pursuant to official responsibilities." *Garcetti v. Ceballos,* 547 U.S. 410, 421 (2006).

Plaintiff was also required to allege facts ultimately enabling her to "prove the elements of retaliatory animus as the cause of injury" with causation being "understood to be but-for causation." *Hartman v. Moore,* 547 U.S. 250, 260 (2006). Plaintiff's allegations are factually insufficient and must be dismissed as lacking plausibility under Rule 12(b)(6).  The district court may grant a Rule 12(b) motion to dismiss when plaintiff does not plausibly allege a First Amendment

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

retaliation claim.  *See, e.g., Cross v. Cal. Dep't of Food and Agriculture,* 2019 WL 2355598, \*2 (E.D. Cal. 2019); *Constantino v. So. Humboldt Unified Sch. Dist.,* 2019 WL 201565, \*9 (N.D. Cal. 2019); *Lozada v. Sacramento Cnty. Sheriff's Dep't,* 2018 WL 6338738, \*2 (E.D. Cal. 2018).

Plaintiff's allegations are also insufficient to plausibly show that her speech was a substantial motivating factor for any adverse employment action taken against her.  Plaintiff must plead "factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Plaintiff's First Amendment claim does not meet this standard. Plaintiff provided only vague details about when or how she discussed sexual assault / harassment of student, inadequate compliance with Title IX and compliance with federal laws involving students with disabilities.

In *Rivera v. Patel,* 2016 WL 3566949 (N.D. Cal. 2016), the district court dismissed First Amendment claims on a Rule 12(b)(6) motion and stated at \*6:

> The First Amendment claims against Lebak and Patel also fail for the separate reason that they are factually insufficient to state a claim. . . . The sole specific factual allegations against Patel in the complaint are that she "failed to investigate" Rivera's administrative complaint and "falsely claimed that Rivera did not allege anything that should be investigated. . . . The remainder of the First Amendment allegations are merely conclusory statements that Lebak and Patel "punish[ed] Rivera for exercising his right to freedom of speech, "violat[ed]" his First Amendment rights, and caused [plaintiff] harm. The complaint does not make clear what "punish[ment] is referred to, **nor does it identify the particular speech of Rivera that allegedly caused his punishment.**

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

(Emphasis added.)  *See also Cole v. Sunnyvale,* 2010 WL 532428 (N.D. Cal. 2010), where the district court dismissed plaintiff's First Amendment claims pursuant to Rule 12(b)(6) and stated at *5 that plaintiff's complaint "does not allege facts that plausibly suggest an act of retaliation by any defendant against plaintiff Cole for exercising his rights under the First or Fifth Amendments . . . [and] fails to state a claim upon which relief can be granted with regard to violations of plaintiff's First Amendment rights."

## H.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF 14th AMENDMENT PROCEDURAL DUE PROCESS.

Plaintiff was an Assistant Superintendent for Human Resources.  (ECF 11 ¶¶ 122, 144, 164.)   She did not allege she was a certificated employee who was required to be certificated for her position.  Plaintiff also did not have the right to notice and hearing in connection with her fixed term contract that expired by its terms on June 30, 2018.

Plaintiff contends she had a protected property interest in her Assistant Superintendent position because a non-renewal of her position must be supported by probable cause under RCW 28A.405.210 and .220.  (ECF 11 ¶ 164.)  Plaintiff also alleged she was not provided the statutory notice and due process owed as a certificated administrator under RCW 28A.405.300.  (*Id.* ¶ 174.)

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

The Office of the Superintendent of Public Instruction (OSPI) issues Administrator Certificates.  An Administrator Certificate requires the completion of a master's degree and the completion of a state approved administrator preparation program.  WAC 181-79A-211(3).[1]  Here, Plaintiff did not allege (nor could she truthfully allege) that she had an Administrator Certificate or that her job position required an Administrator Certificate.

RCW 28A.405.210 and RCW 28A.405.300 each apply to the contract of "a teacher, principal, supervisor, superintendent, or other certificated employee, **holding a positon as such with a school district.**" (Emphasis added.) This means that Plaintiff would have been required to hold a professional education certificate for the specific job for which she was employed. Plaintiff did not allege sufficient facts to show that she was a "certificated employee, holding a position as such" or that her specific job required her to hold a professional education certificate. Plaintiff was hired due to her lawyer background.

RCW 28A.405.220 applies to persons "employed by a school district in a teaching or other nonsupervisory certificated position" during the first three years of employment with a school district.   Plaintiff clearly was not employed in a teaching position and Plaintiff did not allege sufficient facts to show that she was employed in a nonsupervisory certificated position.

---

[1]   http://www.k12.wa.us/Certification/Administrator/CollegeRecommendationIS.aspx

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 25 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

Plaintiff was a "classified administrator."  Probable cause was not required to non-renew Plaintiff's one-year contract for the 2017-2018 school year because she was not a "certificated employee, holding a position as such with a school district." RCW 28A.405.210, RCW 28A.405.300.  The District respected her one-year contract and paid her for one full year.  The District let Plaintiff know that her contract would expire at the end of the contract term.

An employer "can offer its employees fixed-term contracts[.]"  *N.L.R.B. v. Town & Country Elec., Inc.,* 516 U.S. 85, 97 (1995). Fixed-term or fixed-duration contract expires at the end of the specified period.  An employer needs "good cause" or "just cause" to terminate the employee before the end of a fixed term contract.  *Ricker v. Fulton Cnty. Soil and Water Conservation Dist.,* 800 F.Supp. 636, 639 (C.D. Ill. 1992).  But an employer is not required to continue to employ a person after the specified ending date.  "[T]he importance of a contract as a source of property interest lies not in the mere existence of some agreement, but in its terms."  *Loehr v. Ventura Community College,* 743 F.2d 1310, 1314 (9th Cir. 1984). *See also Penalbert-Rosa v. Fortuno-Burset,* 692 F.Supp.2d 206, 212 (D. P.R. 2010) (plaintiff did not allege "she was terminated before the expiration of a fix-term contract, in violation of the property interest to complete term of the contract"), *aff'd* 631 F.3d 592 (5th Cir. 2011).

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 26 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✤124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

In *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564 (1972), an assistant professor with a one-year contract was informed that he would not be rehired after the academic year.  Plaintiff alleged that the decision not to rehire him violated his due process rights.  The Court held that plaintiff did not have a property interest protected by the Fourteenth Amendment that was sufficient to require his employer to give him a hearing when they declined to renew his one-year contract.  The Court held the employer did not have to justify its decision not to renew the contract by showing "sufficient cause."  The Court stated at 478:

> [T]hey specifically provided that the respondent's employment was to terminate on June 30.  They did not provide for contract renewal absent "sufficient cause." Indeed, they made no provision for renewal whatsoever.

> Thus, the terms of the respondent's appointment secured absolutely no interest in re-employment for the next year. They supported absolutely no possible claim of entitlement to re-employment. . . . In these circumstances, the respondent surely had an abstract concern in being rehired, but **he did not have a property interest sufficient to require the University to give him a hearing when they declined to renew his contract of employment.**

(Emphasis added.)    Here, Plaintiff had no right of expectation to continued employment after June 30, 2018.  The statutes cited by Plaintiff did not create a property interest in Plaintiff's position.

In *Jimenez v. Maricopa Unified Sch. Dist.,* 2011 WL 666287 (9th Cir. 2011), plaintiffs' § 1983 claims were properly dismissed in connection with contracts that specified a one-year term.  The court stated that "the school district was not

obligated to justify a decision not to renew the contract." *Id.* at *1. The court noted: "All claims were related to the contract non-renewal decisions." *Id.*

See also *Conrad v. Dist. Trustees Miami-Dade College,* 2019 WL 454135, *1 (S.D. Fla. 2019) ("no legal cause was required for MDKC not to renew the [one-year] contract."); *McGuire v. Independent Sch. Dist. No. 833,* 863 F.3d 1030, 1031 (8th Cir. 2017) (affirming the dismissal of a due process claim on a Rule 12(b)(6) motion after school board decided not to renew plaintiff's coaching contract for the following year; plaintiff did not have a property interest in the renewal of his coaching contract); *Conte v. Bergeson,* 2017 WL 4417720, *10 (E.D. N.Y. 2017) ("Because the only evidence before the Court indicates that it was a discretionary decision on the Defendants' part to renew Plaintiff's term of appointment, Plaintiff cannot establish that she had a protected property interest in nonrenewal."); *Coleman v. Utah State Charter Sch. Dist.,* 673 Fed.Appx. 822, 826, 827 (10th Cir. 2016) (plaintiff's employment contract was not renewed after it expired; she had no protected property interest in her employment); *McGuire v. Independ. Sch. Dist. No. 833,* 146 F.Supp.3d 1041, 1046 (D. Minn. 2015) (plaintiff's season-long coaching contract was not renewed; plaintiff did not have a property interest in his coaching contract and the non-renewal of the contract without a hearing was not a violation of due process), *aff'd* 863 F.3d 1030 (8th Cir. 2017); *Felder v. Edwards,* 2015 WL 11004957, *8 (S.D. Miss. 2015) ("Plaintiff was not 'terminated' during

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 28 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

the term of her contract; rather, her contract expired and was not renewed for the succeeding school year. . . . However, she has suggested no basis on which she could be found to have had a reasonable expectation of employment beyond the expiration of her contract or entitlement to renewal of her contract."); *Sandholm v. Dixon Pub. Sch. Dist. No. 170,* 2011 WL 867346, *5 (N.D. Ill. 2011) (an athletic director's position was not renewed after it expired; "plaintiff fails to establish a protected property interest in the athletic director's position after the 2008-09 school year and, therefore, has no due process claim").

Plaintiff's contract did not confer a protected status such as a tenure contract providing for continued employment and her contract did not state that it could be terminated only for cause. Plaintiff's contract expressly provided that the terms of her employment would terminate as of June 30, 2018.

## I.    DR. IRION IS ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S § 1983 CLAIMS.

Dr. Irion is entitled to qualified immunity on Plaintiff's § 1983 claims for violation of due process and violation of First Amendment rights. In determining a state actor's assertion of qualified immunity, a court must access (1) whether the facts, viewed in the light most favorable to plaintiff, show that defendant's conduct violated a constitutional right and (2) whether the right was clearly established at the time of the alleged violation such that a reasonable person in defendant's position would have understood that his actions violated that right. *Saucier v. Katz,*

533 U.S. 194, 201 (2001).  If the answer to either inquiry is "no" then defendant is entitled to qualified immunity and may not be held personally liable for his or her conduct.  *Glenn v. Washington Cnty.,* 673 F.3d 864, 870 (9th Cir. 2011).

Qualified immunity shields government actors from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009).  Qualified immunity balances the important interests of holding public officials accountable when they exercise power irresponsibly and also the need to shield officials from harassment, distraction and liability when they perform their duties reasonably. *Id.*  When this immunity is applied "it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd,* 563 U.S. 731, 743 (2011), *quoting Malley v Briggs,* 475 U.S. 335, 341 (1986).

For a right to be clearly established "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . . [I]n light of pre-existing law the unlawfulness must be apparent." *Calabretta v. Floyd,* 189 F.3d 808, 812 (9th Cir. 1996). "A reasonable belief that the conduct was lawful is sufficient to secure qualified immunity." *McDade v. West,* 223 F.3d 1135, 1142 (9th Cir. 2000). "[T]he clearly established right must be defined with specificity." *City of Escondido, Cal. v. Emmons,* __ U.S. __, 139 S.Ct. 500, 503 (2019).  The Supreme Court "has repeatedly told courts . . .

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 30 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

not to define clearly established law at a high level of generality." *Kisela v. Hughes,* 584 U.S. __, 138 S.Ct. 1148, 1152 (2018).

Plaintiff's due process rights were not violated because Plaintiff did not have a property right in her fixed duration contract beyond the expiration of the contract. Likewise, Plaintiff's First Amendment rights were not violated because her speech did not involve a matter of public concern and the interests served by allowing her to express herself were not outweighed by the District's interest in promoting workplace efficiency and avoiding workplace disruption. *Brewster v. Bd. of Educ. of Lynnwood Unified Sch. Dist.,* 149 F.3d 971, 978 (9th Cir. 1998), *cert. denied* 526 U.S. 1018 (1999).

Plaintiff also cannot meet the second prong of qualified immunity that requires her to show that the constitutional violation was so clearly established under the case law that any reasonably minded superintendent would know that his actions would violate Plaintiff's constitutional rights. In this case there was no pre-existing law suggesting that non-renewing the one-year fixed contract of a non-certificated school administrator violated the employee's due process rights. The contours of Plaintiff's rights were not sufficiently clear for a reasonable official to understand that she or he was violating Plaintiff's rights.

The same is true as to Plaintiff's First Amendment claim. There is no pre-existing law that would put Dr. Irion on notice that Plaintiff's complaints about

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 31 of 41

*Jerry Moberg & Associates, P.S.*
P.O. Box 130 ✤124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

sexual assault / sexual harassment of students, compliance with Title IX and compliance with federal law associated with disabled students would somehow trigger a First Amendment violation. The claimed violation was not so clearly established that any reasonably minded superintendent would know that his actions would directly violate Plaintiff's First Amendment rights. Speech regarding routine employment matters is considered non-protected speech because it does not rise to the level of public concern. "The plaintiff bears the burden of proof that the right allegedly violated was clearly established[.]" *Tarabochia v. Adkins,* 766 F.3d 1115, 1125 (9th Cir. 2014). *See also Sorrels v. McKee,* 290 F.3d 965, 969 (9th Cir. 2002) (plaintiff "has not met his burden of proving that the right allegedly violated here was 'clearly established' at the time of the alleged violation.").

## J.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY.

Plaintiff alleges that she repeatedly told Dr. Irion that the District that there were violations of RCW 41.56.140 (unfair labor practices) and RCW 28A.56.140 (exemptions to the Public Records Act) "to which Defendants retaliated by discharging [her] for enforcing said public policies." (ECF 11 ¶¶ 178, 179.) To establish a prima facie case for wrongful discharge in violation of public policy (WDVPP), one element of the tort is "whether the **employer** is able to offer an overriding justification for the dismissal." (Emphasis added; internal punctuation omitted.) *Piel v. City of Federal Way,* 177 Wn.2d 604, 610, 306 P.3d 879 (2013).

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

A claim for WDVPP is a narrow exception to Washington's general rule of employment at will. *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 232, 685 P.2d 1081 (1984).

This Court noted that no case was identified "where the Washington Supreme Court squarely addressed whether a claim for wrongful discharge against public policy can be brought against an individual supervisor." *Blackman v. Omak Sch. Dist., supra.* (ECF 15 at 9.) This Court predicted that the Washington Supreme Court would find that such a claim was cognizable against individual supervisors who participated in the wrongful firing of an employee. (*Id.* at 10.) The Court stated that its ruling "does not preclude the Court from later certifying the issue to the Washington Supreme Court, if that becomes necessary." (*Id.* n. 1.)

Without arguing with this Court's ruling in *Blackman,* but to preserve the rights of Dr. Irion, it is asserted that the tort is actionable against an employer – but not against an employee such as Dr. Irion. *Miklosy v Regents of Univ. of Cal.,* 44 Cal.4th 876, 80 Cal. Rptr. 690, 188 P.3d 629, 644-45 (Cal. 2008) (An "action for wrongful discharge can only be asserted against an *employer.* An individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy; rather he or she can only be the agent by which *an employer* commits that tort." – "We conclude therefore that the common law . . . cause of action for wrongful termination of public policy only lies against an employer."). *See also*

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 33 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

*Chavez-Lavagnino v. Motivation Educ. Training, Inc.,* 767 F.3d 744, 752 (8th Cir. 2014) ("We believe the Minnesota Supreme Court is likely to hold that a supervisor cannot be individually liable for the tort of wrongful discharge."). *But cf. Van Buren v. Grubb,* 733 S.E.2d 919, 924 (Va. 2012) (three justices dissented).

## K.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION.

Plaintiff alleged that Defendants knowingly broadcast and published "false and unprivileged non-opinion statements" to third parties about her.  (ECF 9 ¶ 190.) Plaintiff alleged the statements were made at school board meetings that were broadcast online and caused to be broadcast on television and were also recorded in meeting minutes that were published online. (*Id. ¶* 191.)   Plaintiff alleged the defamatory statements "include the statements of the President of the YEA made at regular business meetings from approximately July of 2017 to present."  (*Id.* ¶ 42.) Plaintiff alleged that the broadcasting and publishing of false statements caused her to suffer reputational damages.  (*Id.* ¶ 192.)

To establish liability for defamation the **defamatory communication** must be shown to be false and unprivileged together with fault on the part of the communicator together with damages proximately caused by the defamatory communication.  *Life Design Ranch, Inc. v. Sommer,* 191 Wn.App. 320, 330, 364 P.3d 129 (2015), *rev. denied* 185 Wn.2d 1022, 369 P.3d 500 (2016). **A defamation claim requires a defamatory communication and damage to reputation.**

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

*Eastwood v. Cascade Broadcasting Co.,* 106 Wn.2d 466, 471, 722 P.2d 1295 (1986). To support a defamation claim, plaintiff must not make "conclusory allegations of law that are insufficient to raise a right to relief above a speculation level." *Stoyanof v. Crocodiles Not Waterlillies, LLC,* 2011 WL 13232088, *5 (D. Ariz. 2011). "The Court determines whether a communication is capable of a defamatory meaning." *Swartz v. World Pub'g Co.,* 57 Wn.2d 213, 215, 356 P.2d 97 (1960).

Plaintiff's defamation claim fails to state a claim because it "fails to allege sufficient facts to support a cognizable legal theory." *Zixiang v. Kerry,* 710 F.3d 995, 999 (9th Cir. 2013). Plaintiff's allegations demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. To withstand a Rule 12(b)(6), a plaintiff must set forth the alleged "unprivileged non-opinion statements" and to allege facts suggesting that the she suffered reputational damages. "When the complaint alleges a cause of action, but fails to put forward sufficient facts making the alleged wrongdoing plausible, a motion to dismiss pursuant to Rule 12(b)(6) is the proper motion." *Stoyanof v. Crocodiles Not Waterlillies, LLC,* 2011 WL 13232088, *4 (D. Ariz. 2011) (dismissing plaintiff's defamation claim), *citing Iqbal,* 129 S.Ct. at 1949; *American Nurses' Ass'n v. State of Illinois,* 783 F.2d 716, 725 (7th Cir. 1986). To state a defamation claim, plaintiff must not make 'conclusory allegations of law that are insufficient to raise a right to

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

relief above the speculation level.'" *Stoyanof* at *5.   A plaintiff cannot plead a

defamation claim by simply alleging that defamatory or libelous statements were

made. *Flowers v. Carville,* 310 F.3d 1118, 1131 (9th Cir. 2002), which held that a

complaint sufficiently alleged defamation because it plead "the precise statements

alleged to be false and defamatory, who made them and when. . . ."   In *Marks v.*

*City of Seattle,* 2003 WL 23024522 (W.D. Wash. 2003), the district court applied

*Flowers* and dismissed a defamation claim because it failed to specify the

defamatory statements made by defendant. "The failure to put forth the allegedly

defamatory statements, failure to specify which defendants made the statements,

and failure to specify to whom or how the statements were published are each

grounds for dismissal under Rule 12(b)(6)."   *Hardy v. Global Options Services,*

*Inc.,* 2013 WL 6059154, *2 (D. Nev. 2013).   *See also Armijo v. Yakima HMA, LLC,*

868 F.Supp.2d 1129, 1139 (E.D. Wash. 2012) (dismissing plaintiff's defamation

claim on a Rule 12(b)(6) motion because the complaint lacked the specificity

required to plead a cause of action for defamation); *McIver v. City of Spokane,* 2014

WL 3697259, *4 (Wn.App. 2014) (same).

## L.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR OUTRAGE.

Plaintiff alleged emotional infliction of emotional distress (outrage) due to

"(a) no-notice placement of [her] on administrative leave, (b) scheduling (and then

not scheduling) her *Loudermill* hearing while she was on sick leave, (c) subjecting

[her] to shifting reasons for her termination, and (d) the subsequent termination of her employment would not only destroy [her] career but cause [her] emotional distress." (ECF 9 ¶ 194.) The elements of outrage are (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress and (3) actual result to the plaintiff of emotional distress. *Birklid v. Boeing Co.,* 127 Wn.2d 853, 867, 902 P.2d 278 (1995). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson,* 85 Wn.2d 52, 59, 530 P.2d 291 (1975). "Outrageous conduct is conduct which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim 'Outrageous!'" *Reid v Pierce Cnty.,* 136 Wn.2d 195, 201-02, 961 P.2d 333 (1998) (dismissing outrage claim). "The question of whether certain conduct is sufficiently outrageous . . . is initially for the court to determine if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability." *Armijo v. Yakima HMA, LLC,* 868 F.Supp.2d 1129, 1136 (E.D. Wash. 2012). The *Armijo* court dismissed plaintiff's outrage claim on a Rule 12(b)(6) motion and stated: "Assuming all of Plaintiff's factual allegations as true, the Court cannot find that the facts support a tort of outrage for conduct 'utterly intolerable in a civilized community.'" *Id. See also Dicomes v. State,* 113 Wn.2d 612, 631, 782 P.2d 1002 (1989) (**"the fact of**

**discharge itself is not sufficient to support a claim of outrage"**) (emphasis added); *Dennis v. Hershey Co.,* 2013 WL 4777310, *2 (W.D. Wash. 2013) (dismissing plaintiff's outrage claim on a Rule 12(b)(6) motion).

## M.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.

Plaintiff's contract was with the District – not with Dr. Irion.    **Nonparties cannot be bound by an agreement.**    "[W]hen an agent makes a contract on behalf of a disclosed or partially disclosed principal to whom he has the power to bind, he does not thereby become liable for his principal's nonperformance." *Griffiths v. Sprague Stevedoring Co. v. Bayley, May & Fay, Inc.,* 71 Wn.2d 679, 686, 430 P.3d 600 (1967), *citing* Restatement (Second) Agency § 328 (1958).    *See also Lackey v. Lewis Cnty.,* 2009 WL 3294848, *12 (W.D. Wash. 2009) ("plaintiff has failed to show that the settlement agreement was binding on Mr. Golden").

## N.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE STATE PUBLIC RECORDS ACT.

The state's Public Records Act (PRA) provides that a court has discretion to award up to $100 per day for each day that a person "was denied the right to inspect or copy such public record" by a public **"agency."**    RCW 42.56.550(4).    (Emphasis added.)    Such an action is against the governmental "agency" and not against an individual.    *Id.* ("Any person who shall prevail against **an agency** . . . .").

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

(Emphasis added.)  Here, Dr. Irion is not a proper party under the PRA because he is not "an agency."

Moreover, the PRA does not provide for a private cause of action other than filing a motion to show cause in state court followed by de novo review by an appellate court.  In *Creer Legal v. Monroe Sch. Dist.,* 4 Wn.App.2d 776, 423 P.3d 915 (2018), *rev. denied* 192 Wn.2d 1010, 432 P.3d 787 (2019), the court stated:

> **The PRA references a cause of action in the singular – *the motion* – and links that singular cause of action to the alleged denial** while also linking the denial to the request. In doing so, RCW 42.56.550 provides that there is but one cause of action per alleged denial under the PRA.

(Emphasis added.)  *See also Beauregard v. Lewis Cnty., Wash.,* 2006 WL 2924612 (W.D. Wash. 2006) ("The Public Records Act does not provide for a cause of action under the Act if a person believes records are in error."), *aff'd* 2009 WL 1242099 (9th Cir. 2009); *Chen v. City of Medina,* 2014 WL 545759, *6 (Wn.App. 2014) ("The PRA provides no separate cause of action for an agency's failure to provide the fullest assistance to a requestor.");  *Hanson v. City of Spokane,* 2019 WL 544956, *3 (E.D. Wash. 2019) ("Under the Public Records Act, if a person is denied access to public documents, that person may petition the superior court in which the record is maintained for judicial review of the denial.").  *But cf. Zhu v. North Cent. Educ. Serv. Dist. – ESD 171,* 2016 WL 4445758, *18 (E.D. Wash. 2016) ("the PRA provides for a cause of action arising from the violation thereof");

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 39 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

*Conklin v. Univ. of Wash. Medicine,* 2018 WL 5895352, \*4 (W.D. Wash. 2018) ("Plaintiff has adequately alleged a cause of action under the Washington Public Records Act"), *appeal filed* (9th Cir. March 6, 2019).

## VII.   CONCLUSION

The Court should dismiss Defendant Dr. Irion from this lawsuit.

RESPECTFULLY SUBMITTED this 13th day of June, 2019.

JERRY MOBERG & ASSOCIATES, P.S.


*s/ Jerry J. Moberg and James E. Baker*
JERRY J. MOBERG, WSBA No. 5828
JAMES E. BAKER, WSBA No. 9459
Attorneys for Defendant Dr. John R. Irion

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 40 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖ 124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

**CERTIFICATE OF SERVICE**

I certify that on this date I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF System, which will send notification to:

Matthew Z. Crotty, attorney for Plaintiff
matt@crottyandson.com

Michael B. Love, attorney for Plaintiff
mike@michaellovelaw.com

DATED this 13th day of June, 2019 at Ephrata, WA.

JERRY MOBERG & ASSOCIATES, P.S.


*s/ Mindy Klingenberg*
MINDY KLINGENBERG, Paralegal

\\PROLAWSVR\lawdata\Documents\Yakima SD\McMinimee v Yakima SD (SIAW)\Pleadings - Misc\508346.doc
DEFENDANT DR. IRION'S MOTION TO DISMISS UNDER
RULE 12(b)(6) AND MEMO IN SUPORT OF MOTION
Page 41 of 41

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ❖124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202