UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON MCMINIMEE,<br><br>    Plaintiff,<br><br>v.<br><br>YAKIMA SCHOOL DISTRICT NO. 7, and JOHN R. IRION, in his individual capacity,<br><br>    Defendants. | NO. 1:18-CV-3073-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY QUESTION TO STATE SUPREME COURT |

BEFORE THE COURT is Plaintiff's Motion to Certify Question to State Supreme Court (ECF No. 37). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Motion to Certify Question to State Supreme Court (ECF No. 37) is **DENIED**.

//

ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY QUESTION TO STATE SUPREME COURT ~ 1

**BACKGROUND**

This case arises out of Plaintiff Shannon McMinimee's employment with the Yakima School District. Relevant to this motion, Plaintiff was placed on paid administrative leave from November 6, 2017 until June 30, 2018, the date of which her year-long employment contract ended and was not renewed. ECF No. 37 at 3. Plaintiff requests that the Court certify the following question to the Washington State Supreme Court:

> Is an employee who is a party to a year-long employment contract with his or her employer "discharged" under the wrongful discharge in violation of public policy tort when the employer places the employee on administrative leave but continues to pay the employee until the end of that employee's contract with the employer?

ECF No. 37 at 2.[1] Defendants argue that "[t]here is nothing novel about whether paid administrative leave amounts to a discharge. It does not." ECF No. 41 at 2. In reply, Plaintiff argues that the "Washington Supreme Court [has not] defined precisely what the word 'discharge' means in the context of [Washington's wrongful discharge in violation of public policy tort]." ECF No. 43 at 1.

//

//

---

[1] The parties' joint status report stated that there were no issues that should be certified to the Washington Supreme Court. ECF No. 15 at 2.

## DISCUSSION

Where state law permits, a federal court may exercise its discretion to certify a question to the state's highest court. *Murray v. BEJ Minerals, LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). Washington law allows certification to the Washington Supreme Court:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of [Washington] in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW 2.60.020; *see also* Wash. R. App. P. 16.16(a).

Certification is not considered lightly, rather courts consider: "(1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) 'the spirit of comity and federalism.'" *Murray*, 924 F.3d at 1072. In ascertaining law absent an express decision from the state's highest court, a federal court may rely on the law of the intermediate appellate court unless there is "persuasive data that the highest court of the state would decide otherwise." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940).

The Court declines to certify the question because the issue is clearly determined by guidance from the Washington Court of Appeals and Washington

1  Supreme Court. The tort of wrongful discharge in violation of public policy only
2  applies when an employee has been discharged. *Roberts v. Dudley*, 140 Wash. 2d
3  58, 76 (2000). Placing an individual on paid administrative leave until the
4  employment contract expires and is not renewed does not constitute a discharge.
5  *See Korslund v. Dyncorp. Tri-Cities Servs., Inc.*, 121 Wash. App. 295, 316 (2004),
6  *aff'd,* 156 Wash. 2d 168, 180 (2005) (finding no discharge where employee did not
7  permanently leave her position because she continued to receive a salary and
8  benefits); *see also Davis v. Tacoma Sch. Dist.*, 188 Wash. App. 1043 (2015)
9  (discussing difference between discharge and nonrenewal of school district
10 employees).

11      While Plaintiff is correct in stating that the Washington Supreme Court has
12 yet to expressly rule on the issue, the Washington Supreme Court has provided
13 sufficient guidance so that the issue is not substantially new nor unresolved. The
14 Washington Supreme Court affirmed *Korslund*, holding "where the employee
15 continues to receive employment benefits and is still considered to be an active
16 employee, or where his or her ability to return to work is protected in some other
17 way, that employee has not been constructively discharged." *Korslund*, 156 Wash.
18 2d 168, 180 (2005), *overruled on other grounds by Rose v. Anderson Hay & Grain
19 Co.*, 184 Wash. 2d 268 (2015). This rule is consistent with the Washington
20 Supreme Court's statement that "[s]ubjecting each disciplinary decision of an

employer to the scrutiny of the judiciary would not strike the proper balance between the employer's right to run his business as he sees fit and the employee's right to job security." *White v. State*, 131 Wash. 2d 1, 20 (1997) (en banc).

Moreover, Plaintiff's cited federal authority demonstrates that this issue is resolved by Washington law. *See Walker v. Ellensburg Sch. Dist.*, 789 F. App'x 49, 50 (9th Cir. 2019) ("We conclude that [Plaintiff] was not terminated from his employment. Rather, [Plaintiff's] one-year contract expired and he was not renewed for the next school year."); *Blackman v. Omak Sch. Dist.*, 466 F. Supp. 3d 1172, 1185-86 (2020) ("Plaintiff was never discharged from her position. Instead, Plaintiff was placed on administrative leave with full pay and then declined to accept an offer to transfer to a different position."). Neither court expressed uncertainty regarding Washington law nor was the issue certified in those cases.

Under present Washington law, an employee is not discharged where she continues to receive a salary and benefits on a one-year contract that is subsequently not renewed. Therefore, in its discretion, the Court declines to certify Plaintiff's question to the Washington Supreme Court.

//

//

//

//

ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY QUESTION TO STATE SUPREME COURT ~ 5

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion to Certify Question to State Supreme Court (ECF No. 37) is **DENIED.**

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 5, 2021.



THOMAS O. RICE
United States District Judge