UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON MCMINIMEE,<br><br>                    Plaintiff,<br><br>    v.<br><br>YAKIMA SCHOOL DISTRICT NO. 7, and JOHN R. IRION, in his individual capacity,<br><br>                    Defendants. | NO. 1:18-CV-3073-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration Re EPA Claim (ECF No. 82).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiff's Motion for Reconsideration Re EPA Claim (ECF No. 82) is **DENIED**.

## BACKGROUND

This case arises out of Plaintiff Shannon McMinimee's employment with the Yakima School District ("YSD").  *See* ECF No. 26.  The extensive factual

background of this case is summarized in the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment.  ECF No. 80.

On January 8, 2021, Defendants filed a motion for summary judgment on all of Plaintiff's claims.  ECF No. 45.  On March 26, 2021, the Court granted summary judgment in favor of Defendants on all but two state law claims.  ECF No. 80.  The Court declined supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and dismissed the remaining state law claims without prejudice so Plaintiff could refile in state court.  *Id.*  On April 2, 2021, Plaintiff filed the instant Motion for Reconsideration of the Court's summary judgment ruling on Plaintiff's Equal Pay Act ("EPA") discrimination claim.  ECF No. 82.  Per the Second Amended Jury Trial Scheduling Order, a response to a motion for reconsideration is not required unless requested by the Court.  ECF No. 33 at 6, ¶ F.  The Court did not request a response to the instant motion.

## DISCUSSION

Motions for reconsideration are generally disfavored.  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "There may also be other, highly unusual, circumstances warranting reconsideration."  *Id.* at 1263.

Plaintiff's contentions are that (1) Mr. Izutsu's professional experience is an insufficient EPA defense, (2) Defendants' Rule 30(b)(6) deponent gave conflicting testimony where she "did not know" how superintendents were placed on the pay salary scale, and (3) Plaintiff is prejudiced by the "late" affirmative defense because "pretext would have been found" from discovery.  ECF No. 82 at 6-11.

First, experience qualifies as a factor other than sex for purposes of an EPA defense.  *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1075 (9th Cir. 1999) (noting that "[e]mployers may reward professional experience and education without violating the EPA" and citing to a case that found "nine-year experience differential between women's and men's basketball coaches justifies pay differential").  Plaintiff, without citation to authority, attempts to bar consideration of professional experience by equating it to the prohibition on solely considering prior pay.  ECF No. 82 at 6.  The Ninth Circuit held that an employer cannot solely use prior pay as a basis for a pay differential due to historical gender discrimination.  *Rizo v. Yovino*, 950 F.3d 1217, 1227-1228 (9th Cir.), *cert. denied*, 141 S. Ct. 189 (2020).  Here, the pay differential was not made due to any prior pay considerations.  The decision was made due to Mr. Izutsu's substantial professional experience as a superintendent with YSD for fifteen years.  Under this record, no jury could find gender played a role in the pay differential.

1    Second, Plaintiff cherry-picks and mischaracterizes the evidence by arguing

2    that Defendants provided "conflicting reasons" for the salary differential due to

3    Defendants' Rule 30(b)(6) deponent testimony.  ECF No. 82 at 7-8.  Defendants

4    identified Human Resources employee Shari Chapman as the Rule 30(b)(6)

5    deponent.  ECF No. 53-3 at 3.  Ms. Chapman stated that she believed the criteria to

6    determine whether an employee was given a certain superintendent title was

7    determined at the cabinet level, and more, specifically, Ms. Chapman identified

8    Superintendent Dr. Irion as the cabinet-level individual with final decision-making

9    authority in placing an employee on the superintendent pay scale.  ECF No. 53-3 at

10   7, 11.  During Dr. Irion's deposition, Dr. Irion explained the pay differential: "As I

11   stated earlier today, it was based upon their experience in the job that they held ….

12   Prior to me becoming superintendent, my predecessor had placed [Mr. Izutsu] on

13   the associate superintendent level.  When I'm superintendent I used associate and

14   assistant to show whether or not the person had experience in the job that they

15   were in …. And so it had everything to do with her experience for the position that

16   we were hiring her for."  ECF No 53-2 at 56.  Contrary to Plaintiff's argument, Ms.

17   Chapman and Dr. Irion did not provide conflicting testimony.

18   As to Plaintiff's claim of prejudice, Plaintiff had every opportunity to follow

19   up on the "experience" testimony that was provided *supra*.  Plaintiff's citation to

20   *Magana* does not change the Court's analysis.  ECF No. 82 at 10.  The Ninth

Circuit "liberalized" the requirement that a defendant must raise affirmative

defenses in the initial responsive pleading. *Magana v. Com. of the N. Mariana*

*Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997), *as amended* (May 1, 1997). It is

only inappropriate to allow an affirmative defense in a dispositive motion "without

first determining whether the delay caused prejudice to [the plaintiff]." *Id.* at 1445.

Here, the Court found no prejudice. ECF No. 80 at 46. The parties engaged in full

discovery where Plaintiff could have further explored the "experience" testimony.

Plaintiff was not "forced to guess" Defendants' affirmative defense, Plaintiff

merely chose to ignore it. ECF No. 82 at 11. As such, Plaintiff fails to show legal

error or manifest injustice in the Court's prior Order.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

> Plaintiff's Motion for Reconsideration Re EPA Claim (ECF No. 82) is
>
> **DENIED**.

The District Court Executive is directed to enter this Order and furnish

copies to counsel. The file remains CLOSED.

DATED April 7, 2021.



THOMAS O. RICE
United States District Judge